UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEZAIDA GRAVOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-1077 (JCH) |
| ) | |
| WESTPORT PAIN CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on Defendant Westport Pain Center, Inc.'s Motion to Dismiss, filed June 8, 2007. (Doc. No. 6). Although served with an Order to Show Cause, Plaintiff Bezaida Gravot did not respond to this motion.

Beginning in 2001, Defendant employed Plaintiff as a massage therapist. (Compl., Doc. No. 1 ¶ 2). Plaintiff alleges that Defendant, on several occasions, denied her restroom breaks and told her it would terminate her employment if she tried to take restroom breaks. (Id. at ¶ 3). On February 20, 2007, Plaintiff requested, and was denied, a letter detailing Defendant's restroom break policy, which she believed violated the "Fair Labor Board." (Id. at ¶ 4). On April 24, 2007, Defendant terminated her employment. (Id. at ¶ 5).

On April 27, 2007, Plaintiff filed this cause of action in the Circuit Court of St. Louis County, Missouri. (Compl., Doc. No. 1). On June 5, 2007, Defendant removed the action to this Court on the basis of federal question jurisdiction. (Notice of Removal, Doc. No. 1). On June 8, 2007, Defendant filed its Motion to Dismiss asserting that Plaintiff fails to state a claim upon which relief may be granted. (Doc. No. 6).

- 1 -

## MOTION TO DISMISS STANDARDS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

### I. Plaintiff Fails to State a Claim Under the Fair Labor Standards Act

Defendant asserts that Plaintiff's "Fair Labor Board" reference is an attempt to allege a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq ("FLSA"). (Memo. in Supp., Doc. No. 7). Specifically, Defendant asserts that Plaintiff is alleging that its restroom policy violated the FLSA and its decision to terminate her was in retaliation for her complaints about the policy. Defendant asserts that the FLSA does not require an employer to provide restroom breaks.

The FLSA prescribes the amount of compensation an employee receives for time worked. See 29 U.S.C. § 206 (setting minimum wage); Id. at § 207 (requiring additional compensation for employees working over forty hours per week). The FLSA also requires that an employer must include restroom breaks in its calculation of compensable time. See 29 C.F.R. § 785.18. Here, no

violation of the FLSA occurred because Plaintiff does not allege that Defendant failed to include restroom breaks in her compensable time.

The FLSA also makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has any complaint ... under or related to this chapter." 29 U.S.C. § 215(a)(3). A FLSA retaliation claim is analyzed under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) burden shifting framework. Grey v. City of Oak Grove, 396 F.3d 1031, 1034 (8th Cir. 2005). Under this framework, Plaintiff is first required to make a prima facie case by showing that she engaged in a statutorily protected activity, that Defendant took an adverse employment against her, and that there is a casual connection between the two. Id. at 1035. Here, Plaintiff cannot make a prima facie case for retaliation because, as stated previously, she has not alleged a violation of the FLSA. As such, Plaintiff fails to state a claim under the FLSA.

## II. Plaintiff Fails to State a Claim Under the Occupational Health and Safety Act

The Court, however, believes that Plaintiff also attempts to allege an action under the Occupational Health and Safety Act[1] ("OSHA"), 29 U.S.C. § 651 et seq. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (holding that courts interpret pro se complaints liberally). OSHA makes it unlawful to discriminate against an employee for filing a complaint about an OSHA regulation violation with the Secretary of Labor. 29 U.S.C. § 660(c)(1). There is, however, no private cause of action for a retaliatory discharge contrary to § 660(c). See George v. Aztec Rental Ctr., Inc., 763 F.2d 184, 186-87 (5th Cir. 1985); accord Taylor v. Brighton Corp., 616 F.2d 256, 259 (6th Cir. 1980).

---

[1] OSHA gives the Secretary of Labor the power to create regulations controlling occupational safety and health standards. 29 U.S.C. § 655(a).

Upon consideration, the Court finds that Plaintiff fails to state a claim for relief under OSHA. Even assuming that Defendant terminated Plaintiff because she attempted to inform the Department of Labor about Defendant's restroom policy[2], Plaintiff's action cannot go forward because OSHA does not create a private cause of action for this alleged discriminatory behavior. George, 763 F.2d at 186-87. Rather, OSHA confers on the Secretary of Labor the exclusive right of enforcement. 29 U.S.C. § 660(c)(2). As such, Plaintiff's Complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 6) is **GRANTED** and Plaintiff's Complaint (Doc. No. 1) is **DISMISSED**. A separate order of dismissal will accompany this Memorandum and Order.

Dated this 16th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] OSHA standards provide that toilet facilities "shall be provided in all places of employment." 29 C.F.R. § 1910.141(c)(1)(i). This regulation means that an employer may not "unreasonably restrict" access to toilet facilities. See 1998 Std. Interp. 1910.141(c)(1)(i), 1998 WL 34335013 (Apr. 6, 1998).